————o————

## No. 4668.

(Court of Appeal, Parish of Orleans.)

ISAAC B. RENNYSON VS. MR. AND MRS. J. P. DAVIS.

## ON MOTION TO DISMISS.

In computing the time within which a suspensive appeal may be taken,

neither the day the appeal was taken nor the day the judgment was signed, are to be counted.

Appeal from Civil District Court, Division "B."

J. A. Casey, for Plaintiff and Appellee.

A. B. Leopold and Lyle Saxon, for Defendants and Appellant.

MOORE, J. The appellee moves to dismiss this appeal because the bond was not filed within ten days as required by law.

The judgment appealed from was signed on the 18th day of November, 1908.

The motion for appeal and the bond were filed on the 1st day of December, 1908.

Excluding two Sundays, which intervened, November the 30th would be the tenth day.

Art. 318 C. P. provides that * * * "in all cases where delay is given either to do something or to answer, neither the day of serving the notices, nor that on which the act is to be done or the answer filed, are included."

This rule has been applicable to the delays for taking an appeal, and that, therefore, in computing the time "within ten days," when the appeal must be taken, the day on which judgment was signed and the day on which the appeal is taken, should not be included.

Thus, in Garland vs. Holmes; 12 R. 421, it appears that the judgment had been signed on the 20th of December, 1855, and the appeal was taken only on the 2d of January following, making an interval of thirteen days, but after excluding two Sundays, and ruling that the day on which the judgment had been signed, and that on which the appeal had been taken should not be included, the Court held the appeal had been taken *within* ten days after the judgment had been signed.

This case was followed in State ex rel. Mercier vs. Judge, 29 A. 224, and again in Turpery vs. Edmondson *Ibid.* 850. In State ex rel. Solari vs. Judge, 40 A. 793, the Court referred to these decisions and said that:

"Without expressing our opinion on the subject, if the question was *res nova*, we conclude that the decisions above referred to, in the construction therein adopted of the application of Art. 318 of the Code, to expressions precisely similar in Art.

—252—

575, have acquired the force of the rule *stare decisis* and that they must control our ruling in the present controversy," which was one concerning the construction of Section 2093, Rev. Stat., providing that 'all appeals from judgments of the justices of the peace returnable to the Third District Court, shall be made *within* ten days after the bond shall be filed in the office of the said Justice of the Peace.'"

The bond under the authority of these decisions was timely filed in the instant cause, and therefore the motion to dismiss is denied.

January 25, 1909.

## ON THE MERITS.

A contract of lease entered into by a married woman during the existence of the community, and in which contract the husband intervenes to authorize his wife, enures to the benefit of the community, and for the obligations of the contract the husband as head of the community, may be made to respond.

MOORE, J. The only question involved in this case is whether a contract of lease entered into by a married woman during the existence of the community, and in which contract her husband intervenes to aid, authorize and assist her, enures to the benefit of the community, and for the obligations of which the husband, as head and master of the community, may be made to respond. The question is answered by the textual provisions of the Code in the affirmative C. C. 2399 et seq.

The judgment appealed from so holds and it is affirmed.